UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

VALERIA DEAZEVEDO,

    Plaintiff,

vs.

CHW GROUP, INC., d/b/a Choice Home
Warranty, a New Jersey corporation,

    Defendant.
_____/

**Jury Trial Demanded**

## COMPLAINT

The plaintiff, Valeria DeAzevedo, makes the following complaint against the defendant, CHW Group, Inc.

1. This is an action to redress violations of the Emergency Paid Sick Leave Act ("EPSLA"), Pub. L. 116–127, div. E, 134 Stat. 195 (2020) (codified as amended at 29 U.S.C. § 2612 et seq.).

### Parties

2. The plaintiff Valeria DeAzevedo ("DeAzevedo") is and at all times relevant to this complaint was an adult resident of Florida.

3. The defendant CHW Group, Inc. ("CHW") is a corporation organized and doing business pursuant to the laws of the state of New Jersey. At all times relevant to this complaint, CHW maintained an office in Sunrise, Florida and conducted business in Florida using the name Choice Home Warranty. CHW was not authorized by the state of Florida to

conduct business in the state of Florida during the period of DeAzevedo's employment by CHW.

## Jurisdiction and Venue

4. The court has jurisdiction over this action arising under federal law by virtue of 28 U.S.C. § 1331.

5. All acts giving rise to this complaint occurred in Broward County, Florida. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b)(2).

## Statutory Coverage

6. At all times relevant to this complaint, CHW engaged in commerce or in an industry or activity affecting commerce, including but not limited to selling home warranty products to consumers in multiple states.

7. At all times relevant to this complaint, CHW employed fewer than 500 persons.

## General Allegations

8. CHW employed DeAzevedo at its office in Sunrise, Florida as a case manager during the year 2020.

9. DeAzevedo performed the duties of her employment to CHW's satisfaction.

10. On or about October 7, 2020, following company policy, DeAzevedo called the CHW "call out line" to notify her employer that she would be missing work that day as she was experiencing symptoms that were consistent with COVID-19 and needed to seek a diagnosis of her condition.

11. DeAzevedo advised her supervisor on October 7 that she would not be reporting to the office because she needed to obtain a COVID-19 test. She asked whether she could work from home as an accommodation. Her supervisor told her that she should not

come to the office until she was tested and said he would get back to her with information about working from home.

12. DeAzevedo was advised by her physician not to work and to self-quarantine until she obtained a COVID-19 test with a negative result.

13. On or about October 8, 2020, DeAzevedo called the CHW "call out line" to notify her employer that she would be missing work that day because was scheduling a test for COVID-19 and would be unable to report to work due to a self-quarantine until she received a negative test result.

14. During the October 8 call she made to the CHW "call out line," DeAzevedo asked whether she would need to continue calling every day since it was clear that she would not be able to work until she obtained a negative test result. DeAzevedo was advised that the rules were different during the pandemic and that she would not need to call in every day.

15. DeAzevedo contacted her supervisor again on October 8 to report that she would be complying with her physician's advice to self-quarantine until a COVID-19 test result was available. She advised him that she would be obtaining a COVID-19 test the following day and reminded him that he had not provided her with information about working from home.

16. DeAzevedo never received the requested information about working from home.

17. DeAzevedo obtained a COVID-19 test on or about October 9, 2019.

18. DeAzevedo attempted to contact her supervisor again on October 9 to advise him that she had completed the test and was awaiting results but she was denied login access to her email.

19. DeAzevedo received no further communication from CHW until she sent her supervisor a text message on or about October 14, 2020. The text advised the supervisor that DeAzevedo expected to receive her test result on October 15, 2020 and inquired whether she should report to the office if the test was negative.

20. DeAzevedo's supervisor advised her that her employment had been terminated.

21. DeAzevedo's employment was terminated because she gave notice of and took an EPSLA leave to which she was entitled.

### FIRST CLAIM: Unlawful Denial of Paid Leave in Violation of EPSLA

22. DeAzevedo realleges paragraphs 1 to 21 of the Complaint.

23. DeAzevedo notified CHW that she was experiencing symptoms consistent with COVID-19 and needed a leave or to work from home so that she could obtain a diagnosis.

24. CHW failed to give DeAzevedo the paid leave or the option to work from home to which she was entitled by virtue of section 5102(a)(3) of the EPSLA.

25. DeAzevedo notified CHW that she needed a leave or to work from home because her physician had ordered her to self-quarantine until she obtained a negative test for COVID-19.

26. CHW failed to give DeAzevedo the paid leave or the option to work from home to which she was entitled by virtue of section 5102(a)(2) of the EPSLA.

27. As a direct, substantial, and proximate result of CHW's failure to provide the paid sick leave required by the EPSLA, DeAzevedo suffered a loss of the wages to which she was entitled by statute.

## SECOND CLAIM: Unlawful Termination of Employment in Violation of ESPLA

28. DeAzevedo realleges paragraphs 1 to 21 of the Complaint.

29. DeAzevedo commenced a leave to obtain a COVID-19 diagnosis pursuant to section 5102(a)(3) of the EPSLA and gave CHW notice that she was taking that leave on the same day the leave commenced.

30. DeAzevedo continued her leave pursuant to section 5102(a)(2) of the EPSLA after her physician told her to self-quarantine and gave CHW timely notice of that leave.

31. CHW violated 29 C.F.R. § 826.130(a) by failing to restore DeAzevedo to her employment after her need for an EPSLA leave ended.

32. CHW terminated DeAzevedo's employment in violation of section 5014 of the EPSLA because she exercised her right to take the above-described leaves.

33. As a direct, substantial, and proximate result of CHW's unlawful termination of DeAzevedo's employment, DeAzevedo suffered and will continue to suffer lost wages and benefits and has suffered and will continue to suffer emotional distress, mental anguish, humiliation, anxiety, loss of dignity, and loss of enjoyment of life.

## Request for Relief

WHEREFORE, the plaintiff Valeria DeAzevedo requests the entry of judgment against the defendant CHW Group, Inc. as follows:

a. As to the first claim, an award of the wages required by the EPSLA in an amount to be determined at trial;

b. As to the second claim, an award of back pay in an amount to be determined at trial;

  c. As to both claims, an award of liquidated damages in an amount equal to the awards of unpaid wages and back pay;

  d. As to the second claim, equitable relief in the form of reinstatement to the plaintiff's position or front pay in lieu of reinstatement;

  e. As to the second claim, an award of compensatory damages;

  f. As to both claims, an award of actual costs and a reasonable attorney's fee as authorized by 29 U.S.C. § 2617(a)(3), 29 U.S.C. § 216(b), and any other applicable law; and

  g. As to both claims, such other relief as is just.

### **Jury Demand**

Plaintiff requests a trial by jury.

Dated: January 13, 2021
Plantation, Florida

            Respectfully submitted,

            */s/Robert S. Norell*
            Robert S. Norell, Esq.
            Fla. Bar No. 996777
            E-Mail: rob@floridawagelaw.com
            **ROBERT S. NORELL, P.A.**
            300 N.W. 70th Avenue
            Suite 305
            Plantation, Florida 33317
            Telephone: (954) 617-6017
            Facsimile: (954) 617-6018
            *Counsel for Plaintiff*